Case 2:13-cv-04262-LDW-SIL Document 1 Filed 07/26/13 Page 1 of 15 PageID #: 1

CV 13 4262

SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ JUL 26 2013 ★

LONG ISLAND OFFICE

---

STACY CARLA, Individually, On Behalf of All Others Similarly Situated and As Class Representative,

Plaintiff,

-against-

BERTUCCI'S CORPORATION,

Defendant.

---

COMPLAINT

13 Civ. _____ ( ) ( )

PLAINTIFF DEMANDS
A TRIAL BY JURY

ECF CASE **WEXLER, J.**

**WALL, M.J.**

Plaintiff Stacy Carla ("plaintiff") individually, on behalf of all others similarly situated and as class representative, by her attorneys, Lipman & Plesur, LLP, complains of defendant Bertucci's Corporation ("defendant"), as follows:

## PRELIMINARY STATEMENT

1. Plaintiff complains on behalf of herself, and other current and former employees of defendant who worked as servers or in other similarly situated titles who may elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), that they are owed: (i) minimum wages; (ii) overtime premium pay; (iii) earned and improperly misdirected gratuities; and (iv) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as the "FLSA").

2. Plaintiff further complains on behalf of herself, and a putative class of other similarly situated current and former employees of defendant who worked as servers or in other similar titles pursuant to Fed. R. Civ. Proc. 23, that they are owed additional wages from defendant for failure to pay minimum wages and overtime premium pay under the New York State Minimum Wage Order for the Hospitality Industry, N.Y. Comp. Codes R. & Regs., Title

12 § 146 and the previous Title 12 § 137 *et seq.*, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.* (hereinafter collectively referred to as the "NYLL") or other similar state law ("State Labor Law", collectively with the NYLL referred to as "State Labor Laws"). Additional wages are also owed because: (i) gratuities and service charges were unlawfully misdirected to other workers in violation of State Labor Laws; (ii) plaintiff was entitled to one hour's pay at the basic minimum wage rate (in addition to the minimum and overtime wages to which they are entitled to under NYLL) for every day she worked in which the "spread of hours" for that day exceeds ten hours; and (iii) plaintiff was subjected to unlawful deductions from wages and/or unlawful required payments by having to pay for uniforms. Further, additional violations occurred since defendant did not properly issue wage notices as required by the NYLL.

## JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and the supplemental jurisdiction statute, 28 U.S.C. § 1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. The venue of this action is proper because the events or omissions giving rise to the claims occurred primarily within, and defendant conducted business within, the Eastern District of New York.

## PARTIES

5. Plaintiff Stacy Carla ("Plaintiff Carla") is an adult individual residing in Nassau County, New York. Plaintiff Carla has been employed by defendant at their Westbury,

2

New York location as a server for over 20 years.

6. Upon information and belief, Bertucci's Corporation is a foreign corporation that owns and operates over 90 full-service Italian restaurants in ten states as well as the District of Columbia.

7. Upon information and belief, defendant's corporate headquarters is located at 155 Otis Street, Northborough, Massachusetts.

8. At all times relevant, defendant was covered by the FLSA, the NYLL and other State Labor Laws.

9. Defendant maintains a common policy and practice of, *inter alia*: (a) not paying for all worktime; (b) not paying overtime premium pay for work in excess of forty (40) hours a week; (c) not properly distributing tips and service charges to appropriate service workers; (d) failing to pay "spread of hours" wages as required by law; and, (e) requiring employees to pay for uniforms.

10. At all relevant times, defendant affected commerce within the meaning of 29 U.S.C. § 203(b).

11. Upon information and belief, the gross annual volume of sales made or business done by defendant was not less than $500,000.

12. At all relevant times, defendant was plaintiff's employer within the meaning of the FLSA, NYLL and other State Labor Laws.

13. Upon information and belief, all of defendant's locations have jointly managed employment records and operations and are plaintiff and her similarly situated co-workers' employer.

14. Defendant operated all of its locations as a single enterprise.

15. Upon information and belief, all of defendant's restaurants shared common labor policies and practices.

16. The named plaintiff brings this action on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated who may opt-in to this action under the FLSA are those who are and/or were employed as servers at defendant restaurants.

## CLASS ALLEGATIONS

17. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

18. Plaintiff brings this Class action on behalf of all persons employed by defendant as servers or other similar titles at any time after July 29, 2007 to the present (the "class period") who: (a) were not compensated for all hours worked; (b) were not paid the minimum wage; (c) were not paid overtime premium pay for hours worked in excess of forty (40) per workweek; (d) were not provided with all earned tips and service charges; (e) were not paid one hour's pay at the basic minimum hourly wage rate for every day they worked in which the "spread of hours" for that day exceeded ten hours; and/or (f) were subjected to unlawful deductions from wages and/or unlawful expenses by having to pay for uniforms.

19. The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of defendant, upon information and belief, there are believed to be at least forty (40) members of the Class during the class period. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members. The claims of the

representative party are typical of the claims of the Class.

20. The representative party will fairly and adequately protect the interests of the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against defendant.

21. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including: (a) whether defendant failed to compensate plaintiff for all hours worked within the meaning of the State Labor Laws; (b) whether defendant failed to pay plaintiff overtime premium pay for hours worked in excess of forty (40) per workweek within the meaning of State Labor Laws; (c) whether defendant failed to pay plaintiff and her similarly situated co-workers, as applicable, their earned gratuities and service charges and/or unlawfully misdirected a portion of the gratuities and/or service charges to other employees who should not be receiving a portion of tips; (d) whether defendant failed to pay plaintiff and her similarly situated co-workers their "spread of hours" pay, and, (e) whether defendant subjected plaintiff to unlawful and improper deductions from pay or otherwise unlawfully required staff to purchase uniforms.

## FACTS

22. Plaintiff Carla was employed by defendant to work in its Westbury, New York location.

23. Plaintiff worked as a server and was paid an hourly rate.

24. Upon information and belief, at times, defendant failed to pay any hourly wage for much of plaintiff's worktime.

5

25. Plaintiff and her similarly situated co-workers regularly were not paid due to their: (1) arriving at the required time but not be paid until a customer arrives; (2) working through unpaid meal periods; (3) continuing to work after the regularly scheduled end time for the day; and, (4) not being paid hourly wages for all time worked.

26. Defendant tampered with time records to decrease the number of hours for which employees were paid.

27. Upon information and belief, plaintiff routinely had approximately 40 hours a week deleted from payroll records by members of management with the full knowledge and consent of defendant's corporate officers.

28. Upon information and belief, defendant's practice of deleting hours was widespread and not limited to plaintiff's location. The practice was commonly referred to by management as "backing out."

29. Plaintiff frequently asked managers if she was "backed out" which she was told was needed for her to work over 40 hours.

30. Such wage theft by defendant was a common practice for approximately 15 years.

31. Plaintiff and her similarly situated co-workers, at times, worked more than forty (40) hours per week but were not paid the lawfully required overtime premium pay for their overtime work.

32. When defendant indicated on wage statements that it was paying overtime pay, it did not properly calculate overtime premium pay.

33. Upon information and belief, defendant processed its payroll for all employees using one payroll software program that, *inter alia*, calculated overtime premium pay

for all servers the same way.

34. Upon information and belief, defendant's payroll software did not calculate overtime premium pay properly. Currently defendant pays plaintiff and other servers an overtime rate of $7.25 per hour.

35. Defendant's failure to calculate overtime premium pay properly was a systemic violation.

36. Defendant knew or should have known how to properly calculate overtime premium pay for tipped workers.

37. In New York, the legally required overtime rate for servers is $8.625 per hour.

38. For most of the relevant time period, plaintiff worked six days a week from opening until closing, which was typically between 73 and 80 hours per week, but did not receive any overtime premium pay.

39. Plaintiff was regularly scheduled to work from the time the restaurant opened at 10:30 a.m. until closing. She typically worked until after 10:30 p.m. except for Friday and Saturday when plaintiff typically worked until between 11:00 p.m. and midnight. For most of the relevant time period, plaintiff worked six days a week: Tuesday through Sunday.

40. Plaintiff had to stay past the regular closing times if customers were still in the restaurant that she had to service.

41. Plaintiff was not relieved of work responsibilities during the workday.

42. In addition to covering her tables, plaintiff was required to cover for bartenders between 3:00 p.m. and 5:00 p.m. when bartenders were relieved of their work responsibilities.

7

43. Recently, plaintiff's hours were cut to 5:00 p.m. until closing Tuesday through Sunday. Although plaintiff's work hours were significantly reduced, the number of hours for which she received wages from defendant, for the most part, have not changed.

44. Upon information and belief, the gratuities paid to servers were, at least in part, misdirected by defendant to pay for kitchen workers, such as napkin folders, as well as others for times that they were not even working.

45. Plaintiff and her similarly situated co-workers at times worked days in which the "spread of hours" for that day exceeded ten hours and were not paid extra "spread of hours" pay. For example, plaintiff and others often worked double shifts over more than a 10 hour period in a day and rarely received "spread of hours" pay.

46. Defendant required plaintiff and putative class members to pay for uniforms.

47. Upon information and belief, throughout the relevant period, defendant failed to keep accurate records of the hours worked by employees, including the total number of hours worked each day and each week.

48. Throughout the relevant period, defendant failed to keep accurate records of the gratuities earned by servers.

49. Upon information and belief, defendant failed to provide plaintiff and putative class members with a signed copy of the wage notice as required by the NYLL.

50. Upon information and belief, the required posters and notices regarding minimum wage and overtime were not properly posted and there was no notice provided to employees regarding their rights under the FLSA or the NYLL.

51. When "posted," the required posters typically had work schedules and

other documents posted over them so they could not be read.

52. On the grounds of equitable tolling, the statute of limitations for all claims asserted by plaintiff and the putative class members should be tolled due to the failure to provide appropriate and required notice of the law.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of the Minimum Wage Provisions of the FLSA

53. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 52 of this Complaint.

54. At all relevant times, defendant was plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

55. At all relevant times, defendant was engaged in commerce or in an industry or activity affecting commerce.

56. Defendant constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

57. Defendant failed to pay plaintiff at the applicable minimum hourly rate for off-the-clock work and work deleted from the clock in violation of 29 U.S.C. § 206(a).

58. Defendant failed to pay the applicable minimum hourly rate because it unlawfully took a tip credit.

59. Defendant's' failure to pay plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

60. Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

### Violation of the Overtime Provisions of the FLSA

61. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 60 of this Complaint.

62. Defendant failed to pay plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

63. Defendant's' failure to pay plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

64. Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

### Violation of the State Labor Laws' Minimum Wage Requirement

65. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 64 of this Complaint.

66. At all relevant times, defendant was plaintiff's and the putative class members' employer within the meaning of the NYLL §§ 2 and 651 and State Labor Laws.

67. Defendant willfully failed to pay plaintiff at the applicable minimum hourly rate, in violation of State Labor Laws for each hour worked because inappropriate tip credits were taken and no wages were paid for many work hours.

68. Defendant failed to provide wage notices and accurate wage statements as required by the NYLL.

69. Plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION

**Violation of the Overtime Provisions of State Labor Laws**

70.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 69 of this Complaint.

71.     Defendant willfully failed to pay plaintiff and the putative class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of State Labor Laws.

72.     Plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION

**Spread of Hours**

73.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 72 of this Complaint.

74.     Defendant failed to pay plaintiff and the putative class members one additional hour pay at the basic minimum wage rate for each day such plaintiff's spread of hours exceeded ten in violation of NYLL §§ 190 *et seq.* and §§ 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §§ 142-2.4 and the previous 137-1.7 and 137-3.11.

75.     Plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION

**Violation of the FLSA: Tips and Service Charges**

76.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 75 of this Complaint.

77.     Plaintiff and the putative class members have not been allowed to keep all

11

of their earned gratuities and service charges and such gratuities and service charges have been misdirected to others in violation of FLSA, 29 U.S.C. § 203 (m).

## AS AND FOR A SEVENTH CAUSE OF ACTION

**Violation of the NYLL § 196(d) and Other State Labor Laws: Tips and Service Charges**

78. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 77 of this Complaint.

79. Plaintiff and the putative class members have not been allowed to keep all of their earned gratuities and service charges and such gratuities and service charges have been misdirected to others in violation of NYLL §§ 190 *et seq.* and other State Labor Laws.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

**Violation of the NYLL and Other State Labor Laws**

80. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 79 of this Complaint.

81. Defendant violated State Labor Laws by requiring plaintiffs to pay for uniforms.

82. Such deductions and required payments constitute an unlawful deduction from wages or required payments in violation of NYLL § 193 and a violation of the New York State Minimum Wage Order for the Hospitality Industry, N.Y. Comp. Codes R. & Regs., Title 12 § 146 2-7 and the previous Title 12 § 137 *et seq.* and other State Labor Laws.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff and those who opt-in to this action respectfully request that this Court grant the following relief:

A. Designating this action as a collective action and authorizing prompt

issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

      B.     Certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure pursuant to Rule 23 for all putative class members for applicable claims under State Labor Laws;

      C.     Awarding plaintiff, similarly situated co-workers and putative class members damages for the amount of unpaid wages, misdirected tips, minimum wages, overtime premiums, unlawful deductions, required payments and spread of hours pay under the FLSA and/or State Labor Laws;

      D.     Awarding plaintiff, similarly situated co-workers and putative class members liquidated damages in an amount equal to the minimum wage and overtime compensation owed pursuant to 29 U.S.C. § 216(b) and liquidated damages and other statutory remedies pursuant to State Labor Laws;

      E.     Declaring defendant's conduct complained of herein to be in violation of the plaintiff's and the Class's rights as secured by State Labor Laws;

      F.     Awarding plaintiff pre-judgment interest as permitted under the law;

      G.     Awarding plaintiff the costs of this action together with reasonable attorneys' fees; and,

      H.     Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands

a trial by jury on all questions of fact raised by the Complaint.

Dated: Jericho, New York
      July 25, 2013

Respectfully submitted,

By: _____

Robert D. Lipman
lipman@lipmanplesur.com
David A. Robins
robins@lipmanplesur.com
Lipman & Plesur, LLP
500 North Broadway, Suite 105
Jericho, NY 11753-2131
Telephone: (516) 931-0050
Facsimile: (516) 931-0030

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACY CARLA, Individually, On Behalf of All Others Similarly Situated and As Class Representative,<br><br>           Plaintiff,<br><br>   -against-<br><br>BERTUCCI'S CORPORATION,<br><br>           Defendant. | 13 Civ. _____ ( ) ( )<br><br>**ECF CASE** |

## CONSENT TO BECOME PARTY PLAINTIFF

The undersigned does wish to opt into the above-referenced action to attempt to prove liability and recover additional damages, if any, under the Fair Labor Standards Act. I hereby authorize the filing and prosecution of a Fair Labor Standards Act action in my name and on my behalf.

_7-24-2013_
(Date)

_[signature]_
(Signature)

_Stacy M. Carla_
(Print Name)

Robert D. Lipman, Esq.
David A. Robins, Esq.
LIPMAN & PLESUR, LLP
500 North Broadway, Suite 105
Jericho, NY 11753