UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STACY CARLA, Individually, On Behalf of
All Others Similarly Situated and As Class
Representative,                                    **ORDER**
                                                   13-cv-4262(LDW)(SIL)

                              Plaintiff,

        -against-

BERTUCCI'S CORPORATION,

                              Defendant.
------------------------------------------------------------------x

**LOCKE, Magistrate Judge:**

        Presently before the Court in this Fair Labor Standards Act ("FLSA") and
New York Labor Law ("NYLL") action is a letter motion by Defendant, Bertucci's
Corporation ("Defendant" or "Bertucci's), seeking to redact the monetary figures
from the transcript of a settlement conference held before the Court on January 14,
2015. Plaintiff Stacy Carla, individually and as class representative ("Plaintiff"),
joins in the application. For the reasons set forth below, the request is denied.

*Background*

        Plaintiff commenced this action on or about July 26, 2013, by filing a
Complaint, DE [1], alleging various violations of the FLSA and NYLL. On January
14, 2015, the Court held a settlement conference (the "Settlement Conference"), at
which the parties agreed to material settlement terms, including the settlement
payments to be made, and placed those terms on the record to be transcribed by a
court reporter. On March 13, 2015, the Court received, via facsimile, a letter
motion (the "Motion") on Defendant's counsel's letterhead. The Motion, purportedly
made on behalf of all parties, "request[s] that the settlement amount in the
transcript be redacted . . . prior to the filing of the transcript on ECF scheduled for
May 21, 2015." The Motion refers specifically to two lines of the transcript, at
which the agreed-upon monetary figures are indicated.

*Legal Standard*

        "The FLSA places 'strict limits on an employee's ability to waive
claims . . . for fear that employers would [otherwise] coerce employees into
settlement and waiver.' " *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335
(S.D.N.Y., July5, 2012) (quoting *Le v. SITA Info. Networking Computing USA, Inc.*,
07-CV-86, 2008 U.S. Dist. LEXIS 20786, at *1 (E.D.N.Y., Mar. 13, 2008)).
"Accordingly, an employee may not waive or otherwise settle an FLSA claim for

unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." *Id.* (citing *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-CV-4925, 2011 U.S. Dist. LEXIS 7476, at *2 (E.D.N.Y., Jan. 25, 2011)). "[I]nsofar as such an agreement goes to the heart of the matter being adjudicated – and implicates the underlying policies of the FLSA – the presumption of public access that attaches to [such] judicial documents is at its strongest." *Id.* at 338 (citing *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)); *see Beaumont v. C & I Sales, Inc.*, 09-CV-5362, 2011 U.S. Dist. LEXIS 129092, at *3-*4 (E.D.N.Y., Oct. 21, 2011) ("Because judicial approval is required for settlement under the FLSA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies." (collecting cases)).

"Accordingly, 'there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view.'" *Id.* at *4 (quoting *Hens v. Clientlogic Operating Corp.*, No. 05-CV-381S, 2010 U.S. Dist. LEXIS 116635, at *7 (W.D.N.Y., Nov. 2, 2010)). The public interest in such documents extends to "assuring that employees['] wages are fair and thus do not endanger the national health and well-being.'" *Id.* at *4 (quoting *Hens*, 2010 U.S. Dist. LEXIS 116635 at *7). "To overcome the strong presumption of public access, parties seeking the sealing of an FLSA settlement must make a 'substantial showing of . . . need' for their settlement agreement not to be filed on the public docket." *Id.* at *5 (quoting *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-CV-4925, 2011 U.S. Dist. LEXIS 7476, at *4-*5 (E.D.N.Y., Jan. 25, 2011)).

**Discussion**

The parties assert two bases for the relief sought: (i) "the parties agreed to keep the settlement amount confidential"; and (ii) because "the settlement and its terms were reached on a voluntary basis" there is "little public interest with respect to this information as it concerns the private settlement of the [p]arties." Both of these arguments are unconvincing and have been repeatedly rejected by courts in this District and the Southern District of New York.

As to the first argument (parties' agreement to maintain confidentiality), it is well-settled that "the parties' mutual agreement to seal an FLSA settlement agreement is insufficient to prevent its disclosure." *Beaumont*, 2011 U.S. Dist. LEXIS 129092 at *6-*8. In *Wolinsky*, *supra*, the parties requested that their settlement agreement be kept confidential, arguing that "confidentiality [was] a material term of the Agreement constituting part of the consideration provided by" the plaintiff. *Id.* at *338. The court rejected the argument, finding that "the mere fact 'that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA

settlement agreement is a judicial record, open to the public.' " *Id.* (quoting *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 648 (S.D.N.Y., Feb. 9, 2011)). The Court notes that the parties have supplied no contrary authority, and thus the Motion is denied on this ground.

As to the second argument (limited public interest in a voluntary settlement), courts have routinely held that "the public's 'independent interest' in ensuring that employees are paid fair wages militates in favor of making FLSA settlement agreements public." *Buozzi v. F & J Pine Rest.*, 10 CV 457, 2011 U.S. Dist. LEXIS 151702, at *7-*8 (E.D.N.Y., Sept. 23, 2011) (Suppl. Report and Recommendation), *adopted by* 2011 U.S. Dist. LEXIS 151293 (E.D.N.Y., Aug. 19, 2011). Indeed, "[w]hen the amounts recovered by the plaintiffs, and the amount paid in attorney's fees, are redacted, the public is in no position to evaluate the Court's conclusion as to fairness nor can the public assess whether the rights sought to be protected by the FLSA are furthered by the settlement." *Id.* at *8. "[A] settlement agreement with dollar amounts redacted impedes the ability of the public to adequately assess the reasoning of the Court" and "[w]hen courts are faced with the choice between public access to FLSA settlement agreements and fostering settlement generally, courts have chosen to prioritize public access." *Id.* at *10-*11 (collecting cases). The Court finds no persuasive countervailing interest of the parties here to outweigh the strong presumption of public access. Accordingly, the Motion is denied on this ground, as well.

**Conclusion**

Based on the foregoing, the parties have not met their burden of making a "substantial showing of need" for the transcribed settlement agreement to be redacted prior to its filing on the public docket. *See Beaumont*, 2011 U.S. Dist. LEXIS 129092 at *5. Accordingly, the Motion is denied and the Court "approves the settlement agreement on the condition that it be filed publicly, in its entirety. . . ." *Id.* at *8.


Dated:      Central Islip, New York
           March 18, 2015          **SO ORDERED:**

                                        <u>s/ Steven I. Locke</u>
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge